Gary Howard, #12469-424
Federal Correctional Institution
P.O. Box 1731
Waseca, MN 56093-0831

**FILED**

NOV 0 2 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No.: 03 CR 50051-01 |
| ) | |
| v. ) | MOTION TO CORRECT PLAIN ERROR, PURSUANT |
| ) | TO RULE 52 (b) |
| GARY HOWARD, ) | |
| Defendant. ) | |

**07 C 50215**

COMES NOW THE DEFENDANT, Gary Howard, pro se, by and through his Motion To Correct Plain Error, Pursuant To Rule 52 (b) of the Federal Criminal Code and Rules, as captioned herein and above. In support of his motion, the Defendant further sayeth:

1. On September 12, 2003, a Complaint was filed before this Honorable Court in the above referenced case number.

2. On September 16, 2003, the Defendant was arrested and bound over pending trial in the above matter.

3. On October 7, 2003, the Defendant was Indicted by the United States of America, and charged with three (3) Counts of Distributing Mixtures of Cocaine Base, in violation of Title 21 U.S.C. §841 (a)(1).

4. On April 29, 2004, the Defendant signed a plea agreement with the United States of America in relation to the above referenced and entitled matter. In exchange, the Government motioned this Honorable Court to withdraw Counts two (2) and three (3) of the Indictment. The Defendant was ordered to self-surrender to the Ogle County Detention Center on April 30, 2004 at 4:00 p.m., pending a Pre-Sentence Investigation by the United States Probation Office.

1.

5. On July 27, 2004, the Defendant was sentenced to a 200-month term of imprisonment with the United States Department of Justice, Federal Bureau of Prisons, and remanded to the custody of the United States Marshal, with recommended designation at Oxford, Wisconsin. The Defendant was designated to Federal Correctional Institution, 1000 University Drive S.W., P.O. Box 1731, Waseca, Minnesota 56093-0831.

6. The Defendant believes that Rule 52 (b) applies to the above entitled matter, because in his presentence investigation report, as well as in his plea agreement, the United States Attorney's Office references that he sold the Undercover Agent "Crack Cocaine," when it was indeed not crack cocaine, but cocaine base. There is a specific difference between Cocaine Base and Crack Cocaine, which also makes a voluminous difference in the type of sentence imposed upon the Defendant, as well as the mandated mandatory minimum that the Defendant would receive.

7. The Defendant believes that Rule 52 (b) applies to the above entitled matter, because in his presentence investigation report, as well as his plea agreement, the presentence report writer gave the Defendant one (1) Criminal History Point in reference to Case No. 1994 CM 510, in the Circuit Court of Stephenson County, Illinois, for resisting a police officer. The Defendant was sentenced in this matter to one year of conditional discharge. The Defendant should not have received any Criminal History Points for this case number, because this occurred when the Defendant was seventeen (17) years of age. Furthermore, there was over a five (5) year time lapse between when the Defendant committed this crime and when the Federal Instant Offense occurred. In the United States Sentencing Commission Guidelines Manual, §4A1.1(c), it states, "An adult or juvenile sentence imposed for an offense committed prior to the Defendant's eighteenth (18th) birthday is counted ONLY if imposed within five (5) years of the Defendant's commencement of the current instant offense.

2.

This was not the case with the above referenced and entitled matter.

8. The Defendant believes that Rule 52 (b) applies to the above entitled matter, because in his presentence investigation report, as well as in his plea agreement, the presentence report writer gave the Defendant three (3) Criminal History Points in reference to Case No. 1995 CF 142, in the Circuit Court of Stephenson County, Illinois, for unlawfully possessing a controlled substance with the intent to deliver it. The Defendant received a six (6) year suspended sentence with the Illinois Department of Corrections, suspended to one hundred twenty (120) days in State Boot Camp and two (2) years probation with the Stephenson County Adult Probation Office, which the Defendant completed successfully. The Defendant should have only received one (1) Criminal History Point in the above referenced matter, as the Defendant was not imprisoned and the Illinois State Boot Camp Program is a probation program. In the United States Sentencing Commission Guidelines Manual, §4A1.2(b) says that a sentence of imprisonment means a sentence of incarceration and refers to the maximum sentence imposed. Since the six-year imprisonment was suspended and the maximum sentence imposed was a Boot Camp Probation Program, the Defendant should have only received 1 Criminal History Point.

WHEREFORE, the Defendant respectfully requests that this Honorable Court will:

1. Grant the Defendant's Motion to Correct Plain Error, Pursuant to Rule 52 (b);

2. Correct the Defendant's sentence to reflect the correct criminal history score in regards to the above referenced plain error;

3. Any further relief this Honorable Court deems necessary as a matter of law in the premises.

The Defendant further sayeth naught.

Respectfully Submitted,

*Gary Howard*

Mr. Gary Howard
Defendant, Pro Se

## NOTARY STATEMENT

SWORN AND SUBSCRIBED TO BEFORE ME, a Notary Public for the State of Minnesota, on this 29th day of October, 2007, a Motion to Correct Plain Error, Pursuant to Rule 52 (b), by Gary Howard.

_Shelly Ellis Forshee_        1/31/2010
Notary Public Signature        My Commission Expires

SHELLY LEE ELLIS FORSHEE
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2010

## CERTIFICATE OF SERVICE

I, Gary Howard, Defendant, certify that I caused a copy of the Motion to Correct Plain Error, Pursuant to Rule 52 (b), to be served upon:

1) Clerk of Court
   United States District Court
   219 S. Dearborn
   Chicago, IL 60604

2) U.S. Attorney
   219 S. Dearborn, 5th Floor
   Chicago, IL 60604

by depositing a copy of same in the U.S. Mail located at 1000 University Drive S.W., Waseca, MN 56093-0741, on 10/29/07 before 4:00 pm, with proper postage prepaid.

/S/ Gary Howard

4.

# FREEPORT POLICE DEPARTMENT
## PROPERTY RECEIPT

9137-02

| ITEM # | DESCRIPTION (Include Serial # if available) | CONDITION |
|---|---|---|
|  | 553 grams Cocaine | Good |
|  | Packaging Material | Used |
|  | Pocket Tech Scale | Used |
|  | Tanita Digital Scale | Used |
|  | Spoon | Used |
|  | 426.00 U.S.C. | Good |
|  | Sentry Lock Box w/ Key | Good |
|  | Sentry Key | Good |
|  | Unknown Key | Good |
|  | Finger Scale | Good |

---

THE UNDERSIGNED STATES THAT ON 08.30.02 AT 10:15 AM, Defendant did unlawfully commit THE FOLLOWING OFFENSE:

(Describe) POSSESSION OF A CONTROLLED SUBSTANCE WITH THE INTENT TO DELIVER IN THAT THE ABOVE KNOWINGLY POSSESSED 400 GRAMS BUT LESS THAN 900 GRAMS OF A SUBSTANCE CONTAINING COCAINE WITH THE INTENT TO DELIVER SAME.

IN VIOLATION OF ☒ I.C.S. ☐ I.R.S. ☐ Local Ord. Chap. 720 Act 570 Sec/Pa (a)(A)
LOCAL ORDINANCE _____ OF SAID MUNICIPALITY.

AT 1746 S. CHICAGO AVENUE (Location of Offense)

**APPEARANCE**
COURT LOCATION & DATE: IN GALENA
FREEPORT, ILLINOIS 61032 ON __/__/__ AT ____ AM/PM

☐ YOU MUST APPEAR IN COURT in person on the above date.

NOTICE: THE COURT WILL ISSUE A WARRANT FOR THE ARREST OF ANY DEFENDANT WHO HAS FAILED TO APPEAR TO ANSWER AN ARREST TICKET DULY SERVED UPON HIM AND UPON WHICH A COMPLAINT HAS BEEN FILED.

BOND POSTED CASH $ _____ ☐ NTA ☐ OTHER _____

Under penalties as provided by law for false certification pursuant to Section 1-109 of the Code of Civil Procedure and perjury pursuant to Section 32-2.01 of the Criminal Code of 1961, the undersigned certifies that the statements set forth in the instrument are true and correct.

Signed and sworn to before me

Dated AUGUST 30th 2002
9712
(Signature and Identification of Officer or other Complainant)